United States Court of Appeals,

Fifth Circuit.

No. 97-20287

Summary Calendar.

Serge A. SCHERBATSKOY, Jr., Jonathan D. Scherbatskoy, Mary N. Scherbatskoy, and Timothy D. Scherbatskoy, as Trustees and Beneficiaries of Scherbatskoy Family Trust, Plaintiffs-Appellants,

v.

HALLIBURTON COMPANY, Defendant-Appellee.

Oct. 16, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:

Serge A. Scherbatskoy, Jr., Jonathan D. Scherbatskoy, Mary N. Scherbatskoy, and Timothy D. Scherbatskoy appeal the summary judgment in favor of Halliburton Company dismissing their contract and breach of fiduciary duty claims. The Scherbatskoys challenge the district court's exercise of jurisdiction over the proceeding and seek a remand to the state court from which the action was removed. Contending that this circuit does not have jurisdiction over the appeal, Halliburton moves to dismiss or in the alternative to transfer to the Court of Appeals for the Federal Circuit. For the reasons assigned, we conclude that the district court properly exercised jurisdiction, deny the motion to dismiss, and grant the motion to transfer.

BACKGROUND

Serge A. Scherbatskoy, Sr., father of the appellants, invented

and received patents for procedures relating to "measuring while drilling" (MWD) technology; a process by which information and measurements are obtained while a well is being drilled, obviating the need for costly wire line and logging testing. In 1976, Scherbatskoy contracted with Gearhart-Owen Industries, Inc., granting it a license for the use of his MWD patents. In 1987, as a result of a dispute concerning the patent rights, another contract was executed in which Scherbatskoy assigned the ownership of his patents to the Scherbatskoy Family Trust and Gearhart continued to have a license for same. Gearhart subsequently was acquired by Halliburton Company and new disputes arose about the rights and obligations related to the licensing of Scherbatskoy's MWD patents.

On March 31, 1992, Scherbatskoy, individually, the Scherbatskoy Family Trust, and Halliburton entered into a Settlement Agreement and a Patent License Agreement. Under these contracts Halliburton was granted a license to use the MWD patents in return for royalties at an agreed rate. The Patent License Agreement also provides that if Halliburton acquires a "New Company" which offered MWD services prior to the date of its acquisition, and that new company did not have immunity from suit or a royalty-free license under the patent rights of Scherbatskoy or the Scherbatskoy Family Trust, then Halliburton is to pay additional defined royalties.

On December 11, 1992, Halliburton issued a press release announcing its intent to purchase certain assets from Smith

International, Inc., including all of Smith's MWD technology. In light of the press release, the Scherbatskoys asked Halliburton whether the acquisition would trigger the additional royalties provision of the Patent License Agreement. Halliburton responded that such a determination was then premature and would not be considered unless the purchase actually was consummated. The sale was concluded on January 14, 1993. Thereafter, the Scherbatskoys again contacted Halliburton about the effect of the purchase on the Patent License Agreement. By letter dated June 16, 1993, Halliburton responded that the additional royalties provision was not triggered because the transaction with Smith International did not result in the acquisition of a "New Company."

On June 27, 1996, the Scherbatskoys, as trustees and beneficiaries of the Scherbatskoy Family Trust, filed suit against Halliburton in Texas state court, alleging breach of contract and breach of fiduciary duty. Halliburton removed the action on the basis of federal question jurisdiction, asserting that the complaint invokes the patent laws and thus the federal district court has exclusive jurisdiction under 28 U.S.C. § 1338. The Scherbatskoys filed a motion to remand, contending that the action does not arise under patent law, but constitutes a state law contract claim.

Halliburton filed a second notice of removal, asserting diversity of citizenship jurisdiction. Although Halliburton is a Delaware corporation with its principal place of business in Texas, discovery revealed that none of the Scherbatskoys were citizens of

Texas. Based on the second notice of removal and the assertion of diversity of citizenship jurisdiction, the Scherbatskoys conceded federal jurisdiction and notified the court that their motion to remand was moot. Thereafter, Halliburton withdrew its second notice of removal, acknowledging that even though there was diversity of citizenship, removal was not proper because Halliburton was a resident of Texas.[1] Although the Scherbatskoys did not formally re-urge their motion to remand, they contested federal jurisdiction in a case management plan. Following a conference with the parties, the court denied the motion to remand.

Thereafter Halliburton moved for summary judgment, maintaining that there was no breach of contract because Halliburton did not acquire a "New Company," and that the breach of fiduciary duty claim was barred by the statute of limitations. The district court granted this motion. The Scherbatskoys timely appealed.[2] Halliburton moved this court to dismiss or in the alternative to transfer the appeal for lack of subject matter jurisdiction.

ANALYSIS

We first must resolve whether we have authority to determine

[1]Under 28 U.S.C. § 1441, an action may be removed based on diversity of citizenship jurisdiction only if none of the defendants are citizens of the state where the action was filed. *McKay v. Boyd Const. Co.,* 769 F.2d 1084 (5th Cir.1985).

[2]We note that the appellants did not file a notice of appeal from the denial of their motion to remand as required by Federal Rule of Appellate Procedure 3(c) in order to obtain review of the district court's exercise of jurisdiction. Nevertheless, we must examine a district court's jurisdiction even if not formally raised. *Mitchell v. Maurer,* 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934).

4

if the district court had jurisdiction under 28 U.S.C. § 1338(a). If we have jurisdiction to do so, we must then determine if the action arises under patent law giving the Court of Appeals for the Federal Circuit exclusive appellate jurisdiction under 28 U.S.C. § 1295. If the Federal Circuit has exclusive jurisdiction, we must then determine whether to transfer or dismiss the appeal.

This court necessarily has the inherent jurisdiction to determine its own jurisdiction.[3] Under section 1295, the Federal Circuit is granted exclusive jurisdiction to review a district court's final decision if that court's jurisdiction was based in whole or in part on section 1338.[4] Section 1338 provides that the district courts shall have exclusive original jurisdiction of any civil action arising under any Act of Congress relating to patents.[5]

Just as this court has the inherent power to determine is own jurisdiction, so too does the Federal Circuit.[6] The question we address is whether the Federal Circuit has the exclusive right to determine if a district court has jurisdiction under section 1338, or whether such power concurrently exists with the regional circuits. One panel of the Federal Circuit has stated that it has

---

[3]*United States v. United Mine Workers of America,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

[4]28 U.S.C. § 1295(a)(1).

[5]28 U.S.C. § 1338(a).

[6]*C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed.Cir.1983).

exclusive jurisdiction to make such a determination.[7]  A subsequent Federal Circuit panel rejected this proposition as dicta and contrary to Supreme Court precedent and Congress' intent.[8]  Of the two regional circuits that specifically have addressed the issue, both found that jurisdiction was concurrent.[9]

We conclude and hold that we have the requisite jurisdiction to consider the district court's jurisdiction herein.  We decline to read section 1295 as granting exclusive jurisdiction to the Federal Circuit over issues of the propriety of a district court's jurisdiction under section 1338.  Such an interpretation conflicts with the inherent principles that a regional circuit court can determine its own jurisdiction and supervise the exercise of jurisdiction by the district courts within its circuit.[10]  The delegation of this authority to the Federal Circuit would subordinate regional circuits to the Federal Circuit in contravention of Congress' stated intent that the Court of Appeals of the Federal Circuit be on line with the other circuit courts and not constitute a new tier in the federal judicial structure.[11]

In addition, our conclusion that jurisdiction exists to review

---

[7]*Id*. (we are the arbiter of our own jurisdiction).

[8]*Smith v. Orr,* 855 F.2d 1544 (Fed.Cir.1988).

[9]*Shaw v. Gwatney,* 795 F.2d 1351, 1353 n. 2 (8th Cir.1986); *Chabal v. Reagan,* 822 F.2d 349 (3d Cir.1987).

[10]*Shaw,* 795 F.2d at 1353 n. 2.

[11]*Smith,* 855 F.2d at 1548 citing S.Rep. No. 275, 97th Cong., 2d Sess. 2-3, reprinted in 1982 U.S.Code Cong. & Admin. News 11, 12-13.

6

the district court's jurisdiction coincides with the transfer principles necessarily invoked under section 1295. The inquiry into our own jurisdiction requires that we first consider the district court's jurisdiction. The absence of district court jurisdiction in this instance would result in the absence of federal jurisdiction, mandating a remand to state court.

Concluding that we have jurisdiction to determine the district court's jurisdiction, we address that inquiry. Section 1338(a) grants exclusive jurisdiction to the federal district courts in cases arising under the patent laws. An action arises under the federal patent laws if the complaint includes allegations that federal patent law creates the cause of action or federal patent law is a necessary element of the claim.[12] We are persuaded that resolution of the Scherbatskoys' substantive claim implicates the federal patent laws. Plaintiffs' original petition alleges Halliburton breached the contract when it failed to pay additional royalties under the Patent License Agreement after acquiring a new company, Smith International, which, it is alleged, infringed the Scherbatskoys' patents. Clearly, determining whether Smith International infringed the Scherbatskoys' patents is a necessary element to recovery of additional royalties or a finding that Halliburton breached the Patent License Agreement. Both issues require the application of the federal patent laws.[13] It is

---

[12]*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

[13]*See Kunkel v. Topmaster Int'l, Inc.,* 906 F.2d 693 (Fed.Cir.1990).

7

irrelevant that the summary judgment appealed did not address the patent issue for purposes of section 1338 and section 1295 jurisdiction.[14] Therefore, we conclude and hold that the district court properly exercised jurisdiction under section 1338 and that the Court of Appeals for the Federal Circuit has exclusive jurisdiction over this appeal under section 1295.

Finding that appellate jurisdiction lies exclusively with the Federal Circuit, we decline to dismiss the appeal, but instead transfer it to that sister court. An appeal may be transferred if the transfer is in the interests of justice.[15] Here, a balancing of equities weighs in favor of transfer because a new appeal by the Scherbatskoys at this point would be barred as untimely and we find nothing to indicate that the Scherbatskoys acted in bad faith by filing the instant appeal.

We therefore deny the appellee's motion to dismiss and grant the alternative motion of the appellee to transfer the appeal to the Court of Appeals for the Federal Circuit. The clerk of this court is directed to transmit the record, briefs, and other documents relating to this appeal to the clerk of that court.

APPEAL TRANSFERRED.

---

[14]*Kennedy v. Wright,* 851 F.2d 963 (7th Cir.1988), aff'd. 867 F.2d 616 (Fed.Cir.1989).

[15]28 U.S.C. § 1631.