**U.S. VALVES, INCORPORATED, Plaintiff–Appellee, Cross–Appellant,**

v.

**Robert F. DRAY, Sr., Defendant–Appellant, Cross–Appellee.**

Nos. 98–3794, 98–3823.

United States Court of Appeals, Seventh Circuit.

Argued May 13, 1999.

Decided Sept. 9, 1999.

Katharine V. Jones (argued), Evansville, IN, for Plaintiff–Appellee.

F. Stephen Sheets (argued), Evansville, IN; Mark D. Perdue (argued), Dallas, TX, for Defendant–Appellant.

Before BAUER, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Robert F. Dray, Sr. invented a valve which regulates the flow of molten plastic into molds. This valve prevents the molten plastic from flowing back into the injector machine, which makes for more uniform molds and less wasted plastic. The parties refer to this as the "internal piston valve," and so shall we. Dray patented his invention, and in 1991 exclusively licensed this patent to U.S. Valves, Inc. in exchange for a royalty commission on every internal piston valve sold by U.S. Valves. After a few years of U.S. Valves manufacturing and selling the internal piston valve, Dray and U.S. Valves had a falling out, and by the end of 1995 the business relationship had substantially deteriorated. Dray sought to audit U.S. Valves' accounts pertaining to his royalty commissions, and when he was unable to do so, he terminated the license agreement. He then began manufacturing and selling these valves himself. He also began producing and selling another valve, called the sliding ring valve, which serves the same purpose as the internal piston valve. Dray has

filed a patent application on this invention; U.S. Valves claims that this valve is the equivalent of the internal piston valve, and therefore covered by the exclusive licensing arrangement.

U.S. Valves sued Dray for breach of contract.[1] U.S. Valves claimed that Dray sold valves covered by the licensed patents (both the internal piston valves and the sliding ring valves, in their view). It also requested an injunction against Dray to prevent him from selling any of these valves. Dray counterclaimed, seeking an accounting and damages for unpaid royalties. The district court found that Dray had sold valves in violation of the agreement, issued a permanent injunction, and awarded damages of $241,351.17.

Dray has asked that we transfer this case to the Federal Circuit, as U.S. Valves' claim for breach of contract necessarily includes patent law as an essential element of the claim. He notes that the parties have presented extensive testimony on whether the sliding ring valve infringes on the patents for the internal piston valves. He further notes that U.S. Valves has asked on appeal that we remand this case to the district court with instructions to address the patent issues on the merits.

■ Dray conceded that his company manufactured and sold some internal piston rings that were covered by the patents.[2] The district court accepted this concession and found a breach of contract. To measure the damages from the breach, the district court would also have to determine whether the sale of sliding ring valves was in violation of the contract, because they were covered under the licensed patents. However, the district court effectively avoided making the distinction between the two valves. He declined to address whether the sliding ring

---

1. The jurisdictional basis articulated in the district court was diversity jurisdiction, 28 U.S.C. § 1332. U.S. Valves is an Indiana citizen, and Dray is a citizen of Texas. The parties agree that Indiana law would control the state law issues.

2. He contends that at that time, the License Agreement had been breached by U.S. Valves and terminated.

valves were covered by the license agreement, and instead, he relied on the records kept by Dray's valve customers.[3] U.S. Valves asks this court to instruct the district court to address whether the sliding ring valves are covered by the license agreement, although curiously, it does not object to the calculation of damages. At oral argument, we asked U.S. Valves to what court the appeal should go if the district court ruled on the applicability of the license agreement to the sliding ring valves, and we were told the Federal Circuit.[4] U.S. Valves contends that without a district court decision on the patent issues, we are free to address the other issues in this appeal. However, our analysis does not rest on the subject matter of the judge's decision, but rather the well-pleaded complaint. *See Kennedy v. Wright*, 851 F.2d 963, 968 (7th Cir.1988); *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir.1997). Therefore, the judge's decision that he need not address the patent issues in this case does not control our appellate jurisdictional inquiry.

 Whether this court or the Federal Circuit has jurisdiction over this appeal turns on whether the district court's jurisdiction over the complaint was premised on diversity jurisdiction, 28 U.S.C. § 1332, or patent law jurisdiction, 28 U.S.C. § 1338(a).[5] Patent law jurisdiction "extends only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).[6]

Initially we note that U.S. Valves' claim for breach of contract does not state a patent law claim, thus the first prong does not apply. The second prong of *Christianson*'s test—whether relief depends on resolution of a patent law question—presents a more difficult question. The license agreement between Dray and U.S. Valves gives U.S. Valves "an exclusive right to manufacture, use, sell, advertise, and distribute the Licensed Product...."[7] U.S. Valves claimed that Dray sold valves in contravention of this provision, and the district court awarded damages to U.S. Valves for this breach of contract. If the only way for U.S. Valves to establish this

3. These records reflect the total number of valves sold by Dray, although it is disputed as to whether they were exclusively internal piston valves, or a mix of valves, some covered by the patents, some not.

4. At oral argument, the attorney for U.S. Valves stated "I believe if there were a ruling on that issue [the applicability of the licensed patents to the sliding ring valve], it would have to be remanded, it would go straight to the Federal Circuit I would think on appeal."

5. There is an antecedent question concerning whether this court or the Federal Circuit should make this determination in the first instance. At least three circuits have found that either can make the initial determination. *See Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290–91 (5th Cir.1997); *Chabal v. Reagan*, 822 F.2d 349 (3d Cir.1987); *Shaw v. Gwatney*, 795 F.2d 1351 (8th Cir.1986). The Federal Circuit initially disagreed, *see C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed.Cir. 1983), but came to the opposite conclusion

later. *Smith v. Orr*, 855 F.2d 1544 (Fed.Cir. 1988). Thus, it is clear that we may address the district court's jurisdiction, which will determine the case's proper appellate path.

6. Although the parties have not raised it as an issue, it seems likely that our discussion of U.S. Valves' claim would have equal applicability to Dray's counterclaim for royalties. *See Scherbatskoy*, 125 F.3d at 291 (claims for royalties and infringement treated similarly). Furthermore, our analysis does not change when the possible basis for Federal Circuit jurisdiction resides in a counterclaim. *See Aerojet–General Corp. v. Machine Tool Works*, 895 F.2d 736, 742 (Fed.Cir.1990) (en banc) ("The distinctions between complaints and counterclaims ... can have no meaningful role in governing the direction of the appeal under the unique statute that created this court when the counterclaim arises under the patent laws.").

7. The "Licensed Product" refers to the patents issued on the internal piston valve.

claim is for it to show that Dray sold valves covered by the patents licensed to U.S. Valves (the "Licensed Product"), then the court must first examine the patent and determine which valves are covered and whether the patent was infringed. Thus patent law is a necessary element of U.S. Valves' breach of contract action, and jurisdiction belongs to the Federal Circuit.

Recent circuit cases illuminate when patent law is considered a necessary element of a claim. In *Scherbatskoy v. Halliburton Co.*, 125 F.3d at 291, the Fifth Circuit held that "[c]learly, determining whether [the defendant's subsidiary] infringed the [plaintiff's] patents is a necessary element to recovery of additional royalties or a finding that [the defendant] breached the Patent License Agreement." Similarly, in *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476 (Fed.Cir.1993), the Federal Circuit found federal jurisdiction over a state law business disparagement claim. Flowdata stated, falsely in Additive Control's view, that Additive Controls was infringing Flowdata's patent. To establish a business disparagement claim, Additive Controls would have to prove the falsity of Flowdata's statement, which in turn would require Additive Controls to prove noninfringement, an issue of patent law. As the claim necessarily involved patent law, the district court had jurisdiction under 28 U.S.C. § 1338(a), and the Federal Circuit had jurisdiction under 28 U.S.C. § 1295. Finally, in *Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318, 1329–30 (Fed.Cir.1998), the Federal Circuit found subject matter jurisdiction under § 1338(a) (and appellate jurisdiction under § 1295) for a state law claim of injurious falsity that required Hunter Douglas to prove that the patents in question were invalid or unenforceable.[8]

With these cases in mind, we turn to the issue of whether patent law is a necessary element of U.S. Valves' claim of breach of contract. Under Indiana law, the elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages. *See Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind.Ct.App.1993). Whether Dray breached the exclusivity provision of the license agreement depends on whether he sold valves which infringed on the licensed patents. The only way to tell whether a valve is covered by the licensed patents is to apply substantive patent law. Moreover, the only means by which to fix damages is to evaluate each valve sold, and determine whether that valve is an infringing valve. As in *Scherbatskoy*, whether a breach occurred depends on whether Dray infringed the licensed patents, and this issue "requires the application of the federal patent laws." 125 F.3d at 291 (citing *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693 (Fed. Cir.1990)). Thus, patent law is a necessary element of U.S. Valves' counterclaim, and the appeal should be transferred to the Federal Circuit.

The recent Federal Circuit case, *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567 (Fed.Cir.1997), is not contrary to this result. The question addressed in *Jim Arnold* involved a patentee who assigned his patents, and subsequently sought rescission. The Federal Circuit first noted that "[t]his is not a case in which patent law is a necessary element of some other well-pleaded claim." *Id.* at 1571. Thus, *Jim Arnold* does not address the second prong of *Christianson*, 486 U.S. at 809, 108 S.Ct. 2166. It addresses only the first prong, which does not apply to this case. Moreover, the grounds for rescission sought by the patentee did not implicate any aspect of patent law. *Jim Arnold*, 109 F.3d at 1573. The Federal Circuit noted that patent law would only be reached if rescission were granted, and concluded that until rescission was granted, no claim of infringement could lie against the assignee. *Id.* at 1574, 1577. Unlike *Jim Arnold's* claim for rescission on the grounds of fraud, patent law determines whether or not a breach has oc-

---

**8.** *Hunter Douglas* cited both *Scherbatskoy* and *Additive Controls* with approval. *Id.* at 1330.

curred, making it an integral part of U.S. Valves' breach of contract claim.

Because U.S. Valves' counterclaim for breach of contract involves patent infringement claims, and therefore necessarily requires application of U.S. patent law, the Federal Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1295, and we transfer this case to it. Furthermore, we express no view on the merits of this case.