**Kenneth Ray EVANS, EMI Tubular Products, Inc. Plaintiffs**

v.

**John Dawson WATTS, XL Systems, Inc. Defendants**

No. CIV.A. 1:01CV282.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 13, 2001.

George Michael Jamail, Reaud Law Firm, Beaumont, TX, Richard Wayne Staff, James Michael Bettis, Jr., Harrison Bettis & Staff, Houston, TX, for Plaintiff.

James H. Riley II, Shook Hardy & Bacon, Houston, TX, for Defendant Watts.

J Hoke Peacock II, Gary Neale Reger, Orgain Bell & Tucker, Beaumont, TX, Winsstol D. Carter Jr., Charles B Walker Jr., Fulbright & Jaworski, Houston, TX, for.Defendant XL Systems.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Defendant John Dawson Watts' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R.Civ.P. 12(b)(1) [Dkt # 5], and the court having reviewed the motion and response on file is of the opinion that the motion be GRANTED.

Kenneth Ray Evans and EMI Tubular Products (the "Plaintiffs") filed suit in this court on May 3, 2001, against John Dawson Watts ("Watts") for breach of contract and a declaratory judgment and against XL Systems for patent infringement and a declaratory judgment. Watts filed this motion to dismiss for lack of subject matter jurisdiction on July 10, 2001, arguing that all claims brought against him are based in state law and that this court lacks jurisdiction to hear these claims.

### 12(b)(1) Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure demands dismissal if the court lacks jurisdiction over the subject matter of the plaintiff's complaint. Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court based on the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). A facial attack on subject matter jurisdiction requires the court to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction. *Venture I, Inc. v. Orange County, Tex.*, 947 F.Supp. 271, 276 n. 7 (E.D.Tex.1996). A facial attack is valid if from the face of the pleadings, the court can determine it lacks subject matter jurisdiction. For the purposes of the motion, the allegations in the complaint are taken as true. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

### Background

Plaintiffs allege that Watts sued XL Systems for patent infringement on May 7, 1997 and that Watts obtained a jury verdict finding XL Systems had infringed United States Patent No. 5,427,418 (the "418 Patent"). Plaintiffs further allege this suit by Watts violated a license agreement entered into by Watts and Plaintiffs concerning the 418 Patent. According to Plaintiffs, Watts failed to comply with certain requirements in the licensing agreement prior to suing XL Systems for violating the 418 Patent, including: 1) failing to notify Plaintiffs of suspected infringements of the 418 Patent and 2) failing to allow Plaintiffs the first right as licensors to institute suit for infringement of the 418 Patent. Attached to Plaintiffs' complaint is an order signed by Judge Sim Lake of the Southern District of Texas interpreting the licensing agreement and finding that Evans, and not Watts, had the right to sue XL Systems for infringement of the 418 Patent. Plaintiffs have now brought suit against Watts in this court for breach of contract, against XL Systems for patent infringement, and against both Watts and XL Systems for a declaration that Plaintiffs are entitled to any infringement proceeds.

### Analysis

A threshold issue for all federal litigation is whether the district court possesses subject matter jurisdiction over the claims brought before it. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir.1982). Here, Watts argues this court lacks subject matter jurisdiction over Plaintiffs' claims against him, and thus that the court should dismiss these claims. Watts contends Plaintiffs are attempting to make a federal patent case out of a simple state contract dispute. Plaintiffs counter by asserting the breach of contract

claim cannot be resolved without answering substantial questions of patent law, and thus this court possesses jurisdiction over these claims pursuant to 28 U.S.C. § 1338. This court agrees with Watts' view of the claims brought against him.

■ Federal statute grants district courts original jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The Supreme Court has expounded upon when patent law jurisdiction exists. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The *Christianson* test established the scope of § 1338 by stating that patent law jurisdiction "extends only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* For a court to exercise jurisdiction over a cause of action under § 1338, the claim must fit within one of the two categories announced in *Christianson.* Where, as here, federal patent law does not create Plaintiffs' breach of contract cause of action, the court acquires jurisdiction only if the second prong of the *Christianson* test is met.

Under the second prong of the *Christianson* test, "a case arises under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1325 (Fed.Cir.1998) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "If 'on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of [the patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those laws." *Christianson*, 486 U.S. at 810, 108 S.Ct. 2166 (quoting *Franchise Tax Bd.*, 463 U.S. at 26, 103 S.Ct. 2841) (citations omitted) (alterations in original). "A cause of action arises under federal patent law when it involves the validity, scope, or infringement of a patent." *Kaufman, Malchman, & Kirby, P.C. v. Hasbro, Inc.*, 897 F.Supp. 719, 721 (S.D.N.Y.1995). The court is cognizant that the line between cases that "arise under" the patent law and those that merely present a state law contract claim "is a very subtle one," WRIGHT, MILLER, & COOPER, FED. PRACTICE & PROCEDURES § 3582 at 307 (1984), but courts "have consistently held for over [150] years that contract disputes involving patents do not arise 'under any Act of Congress relating to patents,' as required by 28 U.S.C. § 1338(a)." *Beghin–Say Intern., Inc. v. Ole–Bendt Rasmussen*, 733 F.2d 1568, 1571 (Fed.Cir.1984). With this in mind, this court finds the second prong of the test also fails to provide it with jurisdiction pursuant to § 1338 in this case.

■ Plaintiffs seek relief from Watts for a breach of contract and for a declaratory judgment. To prevail in their breach of contract claim under Texas law, Plaintiffs must establish: 1) the existence of a valid contract; 2) that the plaintiff performed or tendered performance; 3) that the defendant breached the contract; and 4) that the plaintiff was damaged as a result of the breach. *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex. App.-San Antonio 1998). Plaintiffs may establish each of these elements without the court answering substantial questions of patent law.

■ Plaintiffs' complaint alleges Watts breached the licensing agreement 1) by failing to provide written notice of suspect-

ed infringement by XL Systems; 2) by failing to inform Plaintiffs of any evidence of such infringement; and 3) by filing suit against XL Systems without first allowing Plaintiffs to file suit. These theories may require the court to decide if the licensing agreement covers the 418 Patent. The court may also need to decide if Watts had information of suspected infringement. Further, Plaintiffs' theories may require the court to decide if Watts instituted suit against XL Systems before allowing Plaintiffs the requisite time to file suit first. Finally, if Plaintiffs establish Watts breached the licensing agreement, the court may determine damages by examining the harm caused Plaintiffs by Watts' failure to fulfill his obligations under the agreement, which is likely not the same as the damages incurred by them as a result of any patent infringement. Importantly, Plaintiffs' theories do not necessitate a ruling on whether the 418 Patent was, in fact, infringed. Ultimately, the issues presented by Plaintiffs' claims do not require the application of patent law, but rather merely involve contract interpretation. The contract being interpreted in this case just happens to have as its subject a patent. *See New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473, 478, 32 S.Ct. 238, 56 L.Ed. 513 (1912) ("The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy."); *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.*, 185 U.S. 282, 285, 22 S.Ct. 681, 46 L.Ed. 910 (1902) ("The rule is well settled that, if the suit be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws.").

Plaintiffs cite *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288 (5th Cir.1997) to support their proposition that this case involves a substantial question of patent law; however, the court finds *Scherbat-*

*skoy* does little to advance their argument. In that case, the plaintiffs appealed a grant of summary judgment in favor of the defendant by challenging the district court's exercise of jurisdiction and seeking a remand to state court where they originally filed the case. *Id.* at 289. The plaintiffs and defendant, in *Scherbatskoy*, had entered into a licensing agreement, under which the plaintiffs granted the defendant a license to use a patent in return for royalties at an agreed upon rate. *Id.* The license agreement also provided that the defendant would be required to pay additional defined royalties if the defendant acquired a "New Company" that used the patent prior to its date of acquisition without having immunity or a royalty-free license from the plaintiffs. *Id.* At a later date, the defendant acquired a company and the plaintiffs sued for breach of contract alleging that the newly acquired company used the patent prior to the acquisition date. *Id.* at 290. In concluding that the district court properly exercised subject matter jurisdiction pursuant to § 1338, the Fifth Circuit stated that determining whether the newly acquired company infringed the plaintiffs' patent was a necessary element to a finding that the defendant breached the contract and to a recovery of additional royalties. *Id.* at 291.

A comparison of *Scherbatskoy* to the present case demonstrates why this case does little to advance Plaintiffs' argument. In *Scherbatskoy*, the plaintiffs alleged the defendant breached the contract when it failed to pay additional royalties after acquiring a new company that infringed the plaintiffs' patent. *Id.* Whereas, in the present case, Plaintiffs merely allege Watts breached the licensing agreement when he failed to give Plaintiffs notice of suspected patent infringement and when he filed suit against XL Systems before allowing Plaintiffs the chance to do so

**576**

first. In *Scherbatskoy,* the plaintiffs' success depended upon a showing that the acquired company infringed the patent. If the acquired company did not infringe the patent, the plaintiffs would be unable to recover additional royalties under the licensing agreement. Here, as discussed above, the court need not decide if XL Systems infringed the 418 Patent for Plaintiffs to recover from Watts. In fact, it appears from the language of the licensing agreement that Plaintiffs could recover from Watts regardless of whether a covered patent was actually infringed. Thus, *Scherbatskoy* fails to support Plaintiffs' view because, unlike in that case, the facts and theories of this case do not necessitate a finding of patent infringement for Plaintiffs to recover.

Because this case does not fall under either prong of the *Christianson* test, § 1338(a) does not provide this court with subject matter jurisdiction over Plaintiffs' claims against Watts. The court also lacks jurisdiction over Plaintiffs' declaratory judgment claim against Watts. The Declaratory Judgment Act does not provide an independent basis for jurisdiction, but allows declaratory relief only when some other grounds for federal jurisdiction exist. *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir.1980); *Seibert v. Baptist,* 594 F.2d 423, 428 (5th Cir.1979). As such, this court lacks independent subject matter jurisdiction over Plaintiffs' claims against Watts. Furthermore, the court declines to exercise supplemental jurisdiction over Plaintiffs' claims against Watts. It is, therefore,

ORDERED, that Defendant John Dawson Watts' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R.Civ.P. 12(b)(1) is hereby GRANTED and Plaintiffs' claims against John Dawson

Watts are DISMISSED WITHOUT PREJUDICE.