# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2011

No. 10-20673

Lyle W. Cayce
Clerk

PRESSURE SYSTEMS INTERNATIONAL, INCORPORATED,

Plaintiff - Appellant

v.

AIRGO IP, L.L.C.; AIRGO SYSTEMS, L.L.C.; ANTHONY INGRAM; JOHN BRADLEY,

Defendants - Appellees

-----------------------------------------------------------------------------------

PRESSURE SYSTEMS INTERNATIONAL, INCORPORATED,

Plaintiff - Appellant

v.

AIRGO IP, L.L.C.; AIRGO SYSTEMS, L.L.C.; JOHN BRADLEY; ANTHONY INGRAM

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:08-CV-245,
4:08-CV-200

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

No. 10-20673

PER CURIAM:[*]

The district court's jurisdiction depended on federal patent law. This appeal should have been taken to the United States Court of Appeals for the Federal Circuit. We TRANSFER the case to that court.

In 1997 and 2003, John Bradley, a consulting engineer for Pressure Systems International, allegedly signed two consulting agreements with Anthony Ingram, owner of Airgo IP and Airgo Systems. The consulting agreements assigned to Airgo the intellectual property rights to Bradley's work for Airgo. Between 1997 and 2005, three patents were issued to Airgo, potentially arising out of Bradley's work. After Bradley was fired from Airgo, he sold to Pressure Systems any rights he might have to Airgo's patents.

In May 2007, Pressure Systems filed suit against Airgo in Texas state court, seeking a declaratory judgment that the consulting agreements between Airgo and Bradley were void. The suit was removed to federal court but later remanded. In January 2008, Pressure Systems amended its remanded Texas state court action by seeking to have itself declared a bona fide purchaser pursuant to a statute governing assignment of patents. *See* 35 U.S.C. § 261. Also in January 2008, Pressure Systems filed an action in federal court to have Bradley declared an inventor under the provisions for patentability of inventions. *See id.* §§ 100-05.

Airgo again removed the state court action to federal court. Airgo argued there was federal jurisdiction because determining whether the consulting agreements were valid assignments of patent rights required the court to decide whether Bradley had an ownership interest in the intellectual property. He would only have an ownership interest if he were an "inventor" – a question of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20673

patent law. Without an opinion, the district court denied Pressure Systems' motion to remand and subsequently consolidated the two cases.

The district court granted summary judgment in favor of Airgo, concluding that laches barred the inventorship claim, leaving Bradley without rights to assign to Pressure Systems. The court also held that the issue of inventorship had already been decided in a patent infringement suit which Airgo filed in the United States District Court for the Western District of Oklahoma in 2005.

In the Oklahoma suit, the defendant Pressure Systems counter-claimed that Airgo had infringed one of its patents and that Airgo's patents were invalid. The Oklahoma district court entered an interlocutory order that Pressure Systems had not infringed on Airgo's patents. *Airgo IP, LLC v. Arvinmeritor, Inc.*, No. CIV-05-1405-R, 2007 WL 6382683, at *1-9 (W.D. Okla. Feb. 23, 2007). Relying on the finding of no infringement, the court in its final order dismissed as moot the counterclaim filed by Pressure Systems that the Airgo patents were invalid because the true inventor had not been named in the patent applications. The Federal Circuit affirmed without opinion. *Airgo IP, LLC v. Arvinmeritor, Inc.*, 277 F. App'x 1023 (Fed. Cir. 2008). In the current suit, the district court held that the Federal Circuit's affirmance of the Oklahoma decision, which included the ruling on the inventorship issue, was binding in the new litigation.

Our initial question is whether we are the right court to review that decision. The Federal Circuit has exclusive jurisdiction "of an appeal from a final decision of a district court . . . if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C. §] 1338," *i.e.*, if jurisdiction is based on patent law. 28 U.S.C. § 1295(a)(1). The Federal Circuit has exclusive jurisdiction when the case is one "'arising under' a federal patent statute, for if it is then the jurisdiction of the District Court was based at least 'in part' on § 1338." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807 (1988). "An action arises under the federal patent laws if the complaint includes allegations

that federal patent law creates the cause of action or federal patent law is a necessary element of the claim." *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th Cir. 1997) (citation omitted).   A district court's jurisdiction is determined by looking at the complaint when it was filed, not at the final resolution of the matter.  *See id.*; Robert L. Harmon, Patents and the Federal Circuit § 19.1(b) at 1234 (9th ed. 2009) (collecting cases).

The district court did not explain its denial of Pressure Systems' motion to remand.  Airgo's response to the motion to remand relied solely on a supposed need to determine the question of inventorship, which would give jurisdiction under 28 U.S.C. § 1338.  *See Shum v. Intel Corp.*, 633 F.3d 1067, 1076 n.4 (Fed. Cir. 2010).  When state law claims require a determination of inventorship, they "necessarily involve a substantial question of federal patent law." *Id.* (citation omitted)

Pressure Systems argues that the district court erred in finding the issue of inventorship foreclosed by the Oklahoma decision.  Any ruling by this court would either approve or remove the bar to the patent claim.  The resolution of that patent claim would necessarily involve interpretation of patent law, and that law was likely the basis not only for the refusal to remand but also for most of the district court's final decision.  *See Chamberlain Group, Inc. v. Skylink Tech., Inc.*, 381 F.3d 1178, 1188-89 (Fed. Cir. 2004) ("effective adjudication" of a patent law claim confirms Section 1295 jurisdiction in the Federal Circuit).

We conclude the district court's jurisdiction was based on 28 U.S.C. § 1338. Consequently, we do not have jurisdiction.  28 U.S.C. § 1295(a).  When we lack appellate jurisdiction, we may, "in the interest of justice," transfer the appeal to the circuit court that can resolve the appeal.  *Id.* § 1631.  It is in the interest of justice to transfer this case.  The clerk of this court is directed to transmit the record, briefs, and other documents relating to this appeal to the clerk of the Federal Circuit.  APPEAL TRANSFERRED.