O’MALLEY, Circuit Judge,
with whom MAYER, Circuit Judge joins, concurring.
Although I agree that the district court properly granted summary judgment in favor of defendants in this matter, I write separately to address the significant federalism concerns raised by our exercise of jurisdiction over these purely state law claims. See Op. at 1346 (“Davis arguably raises important questions related to the ‘congressionally approved balance of federal and state judicial responsibilities....’” (citations omitted)). I concur rather than dissent because, as the majority notes, our current case law extends our jurisdictional reach to the plaintiffs claims in this case. Specifically, because Plaintiffs fraud and breach of fiduciary duty claims require the plaintiff to prove that its invention would have received patent protection absent the defendants’ allegedly unlawful conduct, ornease law compels that we exercise subject matter jurisdiction over it. See Davis v. Brouse McDowell, L.P.A., 596 F.3d 1355 (Fed.Cir.2010) (extending jurisdiction over a state law malpractice claim where the plaintiff would have to prove that, but for her attorney’s missed patent application filing deadline, her invention would have been patentable). Our case law turns what would otherwise be a “clearly wrong” transfer decision into one that is “plausible,” thus requiring this court to accept the transfer and resolve the merits of the appeal. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817-19, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).
Our case law requiring the exercise of jurisdiction over state law claims such as those at issue here conflicts with Supreme Court precedent, however, and should be revisited. See Byrne v. Wood, Herron & Evans, LLP, 450 Fed.Appx. 956, 961 (Fed. Cir.2011) (“Although we must adhere to our precedent, we believe this court should re-evaluate the question of whether jurisdiction exists to entertain a state law malpractice claim involving the validity of a hypothetical patent....” (emphasis in original)); see also Byrne v. Wood, Herron & Evans, LLP, 676 F.3d 1024 (Fed.Cir.2012) (O’Malley, J., dissenting from denial of petition for rehearing en banc). This case exemplifies the mischief our jurisdictional over-reaching has caused in situations where a state law claim involves an underlying patent issue. Indeed, in objecting to a state court dismissal of a state *1351 law malpractice claim based on our case law, three dissenting Texas Supreme Court justices identified this very case as emblematic of the problems created by this court’s case law. Minton v. Gunn, 355 S.W.3d 634, 653 (Tex.2011) (Guzman, J., dissenting) (“[T]he Supreme Court’s fears have already been realized in USPPS____ [T]he reach of the Federal Circuit’s section 1338 reasoning is uncabined, and can potentially sweep any state law case that touches on substantive patent law (or, for that matter, the other areas of law covered by section 1338, such as copyright and trademarks) irrevocably into federal court.”).
I.
USPPS, Ltd. (“USPPS”) filed suit in United States District Court for the Western District of Texas, citing diversity jurisdiction under 28 U.S.C. § 1332 as the sole basis for federal jurisdiction. USPPS asserted only state law claims for fraud and breach of fiduciary duty. No one disputes that these are purely state law claims for which federal law does not create a cause of action.
All parties to the case proceeded under the assumption that diversity jurisdiction provided the only basis for federal jurisdiction. Indeed, when the district court initially granted defendants’ motion to dismiss, USPPS appealed to the United States Court of Appeals for the Fifth Circuit. See USPPS, Ltd. v. Avery Dennison Corp., 326 Fed.Appx. 842 (5th Cir.2009). Defendants did not challenge the correctness of that appellate route, and the Fifth Circuit did not expressly consider whether it possessed jurisdiction over the appeal. Instead, the Fifth Circuit reversed and remanded the action back to the district court. Id. at 851.
It was not until the second appeal that the Fifth Circuit requested supplemental briefing on whether the Federal Circuit possesses exclusive appellate jurisdiction, ultimately concluding that jurisdiction is proper in this court and transferring the appeal here. See USPPS, Ltd. v. Avery Dennison Corp., 647 F.3d 274, 275-76 (5th Cir.2011). As the majority notes, the Fifth Circuit relied heavily on three of our recent decisions in which we held that state law malpractice claims relating to an underlying patent matter properly “arose under” the patent laws. Id. at 278-81 (relying on Davis, 596 F.3d at 1361-62; Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262 (Fed.Cir.2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281 (Fed.Cir.2007)). Specifically, the Fifth Circuit explained that, “[a]s in Davis, USPPS cannot prove causation without proving the patentability of its invention,” because “[o]therwise, the cause of USPPS’s loss of patent protection would be based on the simple fact that its invention could not be patented, and not on any breach of fiduciary duty by [defendants].” Id. at 280. The Fifth Circuit also relied on one of its prior decisions from 1997, which contained only a limited jurisdictional analysis but which the Fifth Circuit found was “nevertheless binding.” Id. at 282 (citing Scherbatskoy v. Halliburton Co., 125 F.3d 288 (5th Cir.1997)). Accordingly, the Fifth Circuit transferred the appeal to this court.
Having considered and decided the issue, the Fifth Circuit’s decision that exclusive jurisdiction rests with the Federal Circuit is the law of the case. See Christianson, 486 U.S. at 817, 108 S.Ct. 2166. This court, however, does not “exceed its power in revisiting that jurisdictional issue” and is “obliged to decline jurisdiction” if it concludes that the Fifth Circuit’s decision is “clearly wrong.” Id. Viewing the matter from a clean slate, without any *1352 Federal Circuit precedent on this issue, the Fifth Circuit’s transfer decision is “clearly wrong.” Indeed, in the absence of our current case law, I would dissent and find that the case should proceed in the Fifth Circuit. That is true even considering the Supreme Court’s warning against “jurisdictional ping-pong.” Id. at 818, 108 S.Ct. 2166. The principles that underlie the Supreme Court’s concern about re-transfers—conserving private and public resources and maintaining public confidence in the judiciary—weigh in favor of keeping the case in the Fifth Circuit. That court already resolved the merits of one appeal in this matter, and the scope of its decision in that first appeal is at issue in the matter before us. See Appellant’s Br. 7 (quoting from the Fifth Circuit’s first decision and arguing that “the summary judgment evidence supports USPPS’s knowledge as described in the [First Amended Complaint] used by [the Fifth Circuit] to reverse the district judge’s ruling on the motion to dismiss based on limitations.”). It is inefficient and unproductive for this court to hear the same case upon which the Fifth Circuit already has ruled.
Under correct application of Supreme Court case law, even a cursory review of the case reveals that it does not invoke jurisdiction under 28 U.S.C. § 1338 and, by extension, our appellate jurisdiction under § 1295.
II.
Federal courts may exercise federal question jurisdiction over state law claims only in the rare case where a federal issue is “actually disputed and substantial,” and where doing so will not upset “any congressionally approved balance of federal and state judicial responsibilities.” Grable & Sons Metal Prods., Inc. v. Dane Eng’g & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Thus, courts must consider whether: (1) a federal issue is a necessary element of a state law claim; (2) a federal issue is actually disputed; (3) a federal issue is substantial; and (4) exercising federal jurisdiction will disturb the balance of federal and state judicial responsibilities. Grable, 545 U.S. at 314, 125 S.Ct. 2363. The claims in this case fail at least the last two factors of this analysis, and, therefore, jurisdiction under Sections 1338 and 1295 is lacking. See Byrne, 676 F.3d at 1028 (“In choosing to exercise jurisdiction over malpractice claims arising out of patent matters, we have ignored the latter two parts of the inquiry.”).
As to the third factor, the purported “patent” issue in this case is not “substantial” under Grable for several reasons. First, determining whether USPPS likely could have obtained a patent in light of the specific prior art the United States Patent and Trademark Office cited is a case-specific, factual inquiry, and requires only application, not interpretation, of the federal patent laws. See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701, 126 S.Ct. 2121,165 L.Ed.2d 131 (2006) (distinguishing Grable on the ground that it presented a “nearly ‘pure issue of law,’ ” unlike the “fact-bound and situation-specific” claim at issue in the case before it (citation omitted)); Byrne, 676 F.3d 1024 (same); Bennett v. Sw. Airlines Co., 484 F.3d 907 (7th Cir.2007) (“What the Court said about Grable in Empire Healthchoice can be said here too. We have a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law.”).
Second, allowing a regional circuit court to decide this matter does not pose a threat to the uniformity of patent law because: (1) any patent issue that is decided will not affect the underlying patent rights, *1353 it mil merely inform an element of the plaintiffs state law claim; (2) such a decision will not have binding effect on other patent cases; and (3) this is a private dispute that does not impair a federal agency’s ability to vindicate its rights in a federal forum. See Byrne, 676 F.3d at 1035 (“Further, patent-related malpractice claims do not implicate any underlying patent rights themselves, and instead require consideration of patent law only to inform the state law standards of causation or damages.”). See also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1301 (11th Cir.2008) (“[T]he state court interpretation of the gun statutes will not be controlling in numerous other cases because it will not have precedential effect in the federal system”); Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir.2007) (en banc) (“While the federal government may have an interest in the uniform application of regulations that relate to the collection of taxes, it has only a limited interest in private tort or contract litigation over the private duties involved in that collection.”).
Finally, determining whether USPPS likely could have obtained a patent absent defendants’ allegedly unlawful acts does not resolve this matter; rather, it is only one piece of the causation element of USPPS’s claim. Thus, federal court jurisdiction is neither necessary nor appropriate because the patent law issue presented is not substantial by any measure. See Empire Healthchoice, 547 U.S. 677, 701, 126 S.Ct. 2121 (distinguishing Grable because the federal issue in Grable was “both dispositive of the case and would be controlling in numerous other cases”); Byrne, 676 F.3d at 1036 (“The fact that the patent issue in a malpractice action is not the sole, dispositive issue in the case strongly cuts against the conclusion that it is a ‘substantial’ one.”).
Not only is § 1338 jurisdiction lacking because the patent issues in USPPS’s claims are not “substantial,” § 1338 jurisdiction also does not lie because exercising jurisdiction would upset the balance of federal and state judicial responsibilities. See Grable, 545 U.S. at 313-14, 125 S.Ct. 2363 (explaining that the exercise of federal jurisdiction is “subject to a possible veto,” even where a state law claim contains a contested and substantial federal question, if exercising jurisdiction is not “consistent with congressional judgment about the sound division of labor between state and federal courts”). While it is true that there is a strong federal interest in the adjudication of patent infringement actions, states have a similarly strong interest in regulating attorney misconduct within their borders. Indeed, state courts are the traditional arbiter of such misconduct, which is governed by long-standing common law principles of negligence, fraud and breach of fiduciary duty. Where, as here, the resolution of any patent law issue will relate to hypothetical circumstances and neither result in a finding of either infringement or invalidity nor have any precedential effect in any patent law action, the federal interest is marginal at best. See e.g., Adventure Outdoors, 552 F.3d at 1301 (“state court interpretation of the gun statutes ... will not have precedential effect in the federal system.” (citing Tafflin v. Levitt, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990))).
This case demonstrates the far-reaching nature of our flawed reasoning in patent-related malpractice cases. In this case, the Fifth Circuit extended our case law to encompass the exercise of jurisdiction over claims for fraud and breach of fiduciary duty, thus confirming that our decisions in patent-related malpractice actions will continue to draw more state law causes of action into federal court. In other words,
*1354 the Supreme Court’s fears have already been realized in USPPS. There, the Fifth Circuit adopted the reasoning applied by the Federal Circuit in Air Measurement and Immunocept to reach the same outcome in a fraud and breach of fiduciary duty case involving patent law. [citation omitted] Put another way, the reach of the Federal Circuit’s section 1338 reasoning is uncabined, and can potentially sweep any state law case that touches on substantive patent law (or, for that matter, the other areas of law covered by section 1338, such as copyright and trademarks) irrevocably into federal court.
Minton v. Gunn, 355 S.W.3d 634, 653 (Tex.2011) (Guzman, J., dissenting). See also Singh v. Duane Morris LLP, 538 F.3d 334, 340 (5th Cir.2008) (explaining that the argument for extending federal jurisdiction over malpractice claims involving a federal issue “reaches so broadly that it would sweep innumerable state-law malpractice claims into federal court.”). Left unchecked and unrevised, our case law will continue to upset the balance of federal and state judicial responsibilities.
III.
Although resolution of the jurisdictional question in this case is clear under a correct application of Supreme Court precedent, we are not working from a clean slate. Under our law as it now stands, the Fifth Circuit’s decision meets the low threshold under Christianson of being “plausible,” and we must accept the transfer and resolve the merits of this case. Christianson, 486 U.S. at 819, 108 S.Ct. 2166 (“Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end.”). For these reasons and those spelled out in my decision from this court’s order denying rehearing en banc in Byrne, I concur in the result, but believe our case law in this area is wrong.