# United States Court of Appeals

## For the First Circuit

No. 04-2638

JUAN A. PADRÓ,

Plaintiff, Appellant,

v.

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

Defendant, Appellee,

ROBERT J. SEMLER,
Regional Administrator for the Employment and Training
Administration for Region I, Boston,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Charles B. Swartwood, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Liam C. Floyd, with whom Armando J. Acosta was on brief, for
appellant.
Rayford A. Farquhar, Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief, for
appellee.

June 28, 2006

**LIPEZ**, **Circuit Judge**.  On March 19, 2001, Juan A. Padró brought suit against Elaine L. Chao, Secretary of Labor, and Robert J. Semler, Regional Administrator for the Department of Labor's Employment and Training Administration for Region I, Boston (collectively, "Defendants"), alleging employment discrimination on the basis of national origin and retaliation for asserting his employment rights.  He subsequently amended his complaint to add further claims of discrimination.  On summary judgment, the magistrate judge dismissed Padró's action in its entirety because of the failure to exhaust his administrative remedies.  Although the magistrate judge correctly granted summary judgment on some of Padró's claims, he failed to address others.  As a result, granting summary judgment on the entirety of Padró's claim was an error. Therefore, we must vacate part of the judgment and remand for further proceedings.

**I.**

Padró began working for the Employment and Training Administration of the Department of Labor ("DOL") in 1972.  In 1982 and 1987, respectively, Padró filed two Equal Employment Opportunity ("EEO") complaints for employment discrimination.  He settled these two EEO complaints in 1990.  In November 1986, Padró

was assigned to the position of Regional Monitor Advocate ("MA").[1] Padró remained in the MA position, at a pay grade of GS-13, for the next fifteen (15) years, without reassignment or promotion.

In March 1999, Padró filed an informal complaint[2] (the "1999 EEO claim") with the DOL alleging continuing discrimination based on national origin and retaliation for filing his prior complaints. On or about June 30, 1999, Padró received a telephone call from DOL EEO Counselor Zenon Brena. During that conversation, Brena told Padró that the agency would not mediate his informal complaint and that he had fifteen days on receipt of his NOFI letter to file his formal complaint. The NOFI letter arrived on or about July 12, 1999. Padró, acting pro se, did not file his formal complaint until August 11, 1999, after the fifteen days had

---

[1] "Regional Monitor Advocate" was the title given to Padró's "Labor Employment Specialist" position. An MA handled the implementation of regulations governing migrant farm workers for his particular Region. In Padró's Region, New England, the migrant workers were predominantly Puerto Ricans. Padró spoke Spanish as his first language but was also fluent in English.

[2] The term "informal complaint" is used to distinguish the initial complaint a government employee must file with his own agency (or department) -- which gives the agency time to investigate and decide whether the dispute can be mediated -- from a "formal complaint", which an employee later files with the agency on receipt of a Notice of Final Interview ("NOFI") letter from his agency, denying mediation. The formal complaint, if decided against the employee, can then be appealed to the EEOC. If the government employee is unsatisfied with the EEOC's decision, that employee may file a civil action in federal district court. See, e.g., National Nuclear Security Administration, "EEO Complaint Process", available at http://www.doeal.gov/eeo/complaints.html (last visited June 17, 2006).

-3-

elapsed. Pursuant to 29 C.F.R. § 1614.105(d), the DOL dismissed his complaint for failure to file within the fifteen-day time period. On January 23, 2000, Padró appealed this dismissal. On May 10, 2000, the EEOC denied Padró's appeal, also on the ground that he had failed to act in a timely fashion. On March 19, 2001, Padró filed suit in federal district court to appeal the dismissal.

Meanwhile, on January 22, 2001, Padró's request to attend a training conference was denied (the "Sturbridge" conference). As a result, Padró filed a second EEO informal complaint on April 18, 2001 (the "2001 EEO claim"), again alleging continuing discrimination based on national origin and reprisal for his prior EEO activities. This second EEO complaint also added a hostile work environment claim. On June 4, 2001, the DOL accepted the second EEO claim for investigation. On March 16, 2002, the DOL dismissed this second EEO claim, pursuant to 29 C.F.R. § 1614.107(a)(3), "for being a matter that is pending in a United States District Court."[3] On September 16, 2002, the EEOC affirmed

---

[3] In relevant part, 29 C.F.R. § 1016.107, entitled "Dismissals of complaints" states:

> (a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint:
>
>  . . .
>
> (3) That is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States

the DOL's dismissal of the 2001 EEO claim pursuant to 29 C.F.R. § 1614.107(a)(3) and advised Padró of his right to file a civil action in district court.

While Padró could have filed his second EEO claim as a separate civil action in district court, he chose to consolidate his 1999 and 2001 EEO claims into a single district court action. On December 17, 2002, Padró moved to amend his first complaint, which focused on his 1999 EEO claim, in order to add the 2001 EEO claim. The motion was granted on January 23, 2003. On July 18, 2003, after discovery, Defendants moved for summary judgment. Following oral argument, the magistrate judge granted Defendants' motion, holding that Padró had failed to exhaust his administrative remedies because he had "filed his administrative complaint after the applicable filing deadline." This appeal followed.

## II.

### A. Standard of review

We review a district court's grant of summary judgment de novo. Johnson v. Gordon, 409 F.3d 12, 16 (1st Cir. 2005). An order granting summary judgment should be reversed if "there existed any factual issues that needed to be resolved before the legal issues could be decided." Sabree v. United Bhd. of Carpenters & Joiners Local No. 33, 921 F.2d 396, 399 (1st Cir.

District Court in which the complainant was a party;

-5-

1990) (quoting <u>Rossy</u> v. <u>Roche Prods., Inc.</u>, 880 F.2d 621, 624 (1st Cir. 1989)).  When reviewing the facts cited by the party moving for summary judgment, those facts are reviewed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party.  <u>See</u> <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 820 (1st Cir. 1991).  Here, that party is Padró.

**B.  The magistrate judge's order and the 1999 EEO claim**

In his decision granting Defendants' motion for summary judgment, the magistrate judge focused exclusively on the 1999 EEO claim in Padró's amended complaint.  The facts the magistrate judge relied on in his decision only describe the factual and procedural history of Padró's 1999 EEO claim.  There is no mention of the 2001 EEO claim even though the magistrate judge granted summary judgment on that claim.

In explaining his decision, the magistrate judge recounted Defendants' argument that they were entitled to summary judgment "because Mr. Padró failed to exhaust administrative remedies for his claims of retaliation and discrimination." Relying on this argument alone, the magistrate judge concluded that "a failure by Mr. Padró to file a formal complaint within the fifteen day period specified in the regulations, absent a showing of excuse by waiver, estoppel or equitable tolling, would bar him from filing a civil action based on that discriminatory complaint."

The magistrate judge devoted the balance of his decision to an explanation of why the doctrine of equitable tolling -- which is available to a plaintiff who is "excusably ignorant" of the statutory filing period and has been affirmatively misled by the opposing party -- did not apply to Padró's complaint. See Thomas v. Eastman Kodak Co., 183 F.3d 38, 53 (1st Cir. 1999); Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 896 (1st Cir. 1992). The magistrate judge found that "[t]here [wa]s no factual or legal basis to apply the doctrine of equitable tolling in this case"; and that Padró had "not specifically asserted claims of waiver, estoppel or equitable tolling . . . ." The magistrate judge explained that Padró rather "argue[d] in his memorandum that the time limitation should not be imposed in his case because the discrimination was a continuing violation." Finding no merit to this argument, the magistrate judge granted Defendants' motion for summary judgment as to Padró's amended complaint, which included both the 1999 and 2001 EEO claims.

Padró does not appeal the magistrate judge's dismissal of his 1999 EEO claim. As the magistrate judge pointed out in his order, "Mr. Padro admits that the filing of his [1999] formal complaint was untimely." But Padró emphasizes that his "whole case was dismissed [by the magistrate judge] for failure to exhaust administrative remedies" (emphasis added) even though his 2001 EEO claim -- now part of his complaint as the result of an amendment --

-7-

was timely filed.  This disposition of his 2001 claim, he insists, was an error.

## B.  The 2001 EEO claim

In an effort to defend the magistrate judge's decision, the government notes his reference in the body of his decision to Padró's continuing violation claim and the footnote attached to that reference: "[e]ven if I were to consider the substance of the 'continuing violation' argument proposed by Mr. Padro in his memorandum, there are insufficient facts to support such a contention."  The government argues that the magistrate judge's reference to a "continuing violation" claim means that the magistrate judge "was fully cognizant of Padro's second EEOC Complaint being separate and distinct from his first EEOC complaint."

We are not convinced.  In the body of his opinion, the magistrate judge links Padró's continuing violation argument to what he thought was Padró's attempt to circumvent the time limitation period applicable to his 1999 EEO claim.  This time limitation issue has nothing to do with Padró's 2001 EEO claim.  To the extent that the government argues that the magistrate judge's reference in his footnote to the "substance" of Padró's continuing violation argument is a separate reference to Padró's 2001 claim, we note that Padró's 1999 claim also set forth a continuing violation argument.  This oblique reference in a footnote does not

assure us that the magistrate judge analyzed Padró's 2001 claim at all, especially since every fact mentioned in the opinion relates to the 1999 claim.[4]

Moreover, the government's own actions belie its position that the 2001 EEO claim was addressed by the magistrate judge. The DOL dismissed the 2001 EEO claim on March 16, 2002 "for being a

---

[4] During the oral argument on Defendants' motion for summary judgment, the magistrate judge and Padró had the following exchange, in which Padró unmistakably advises the magistrate judge that there were two separate cases, and two distinct complaints, before him:

> Padró: First of all, I believe that you made an observation here, your Honor, and it is appropriate to say that there were two cases that we are talking about it. In the government document it sort of, the second one is mentioned but it's broad painting a brush . . . . And I believe that to, it's appropriate to focus on the fact that there are two separate cases that we are dealing with although they have been consolidated.

> Magistrate Judge: Why don't you tell me what those cases are?

> . . .

> Padró: Yes, the first case that was filed on 3/19/01. And the second case -- that was filed by me over motion of consolidation on December, some time in December, almost two years subsequent to it.

> . . .

> Magistrate Judge: So what you're telling me is that in your view there's one case which was filed on 3/19/01, and you're saying a second case was filed on 12/17/02?

> Padró: From the start of having filed in court, from the point of the administrative process they were two distinct complaints. (Emphasis added.)

-9-

matter that is pending in a United States District Court." In its affirmation of this dismissal on September 16, 2002, the EEOC reasoned that "the claims raised [in the first district court action] encompass the claim raised in the [2001 EEO claim]." But it was not until December 17, 2002 that Padró moved to amend his first complaint, which focused on his 1999 EEO claim, to add the 2001 EEO claim. That motion was granted on January 23, 2003. Padró's 2001 EEO claim was not a matter pending in the United States District Court at the time the DOL and the EEOC dismissed that claim.

Once the DOL considered the two EEO complaints one and the same, it has never addressed them independently, on the merits or otherwise. For example, after the magistrate judge allowed Padró to amend his initial complaint and add allegations from his 2001 EEO complaint, the DOL did not file an amended answer to respond to the new allegations. Additionally, even now, the government has not defended the EEOC's affirmation of the DOL's dismissal of the 2001 EEO complaint, choosing instead to address the 1999 EEO complaint alone.[5] The 2001 EEO complaint has been neglected by everyone -- the DOL, the EEOC, and the magistrate judge -- except Padró himself.[6]

---

[5] It appears that the EEOC conflated Padró's two EEO claims, considering overlap to be the same as identity.

[6] In his motion to consolidate, Padró noted that "[t]he EEOC accepted and investigated [his 2001 EEO complaint] as a timely

-10-

In comparable situations, when a district court has granted summary judgment on a complaint while overlooking legal claims properly before the court, we have remanded for further analysis by the district court. For example, in Colón-Santiago v. Rosario, 438 F.3d 101 (1st Cir. 2006), we stated that "[w]e have previously remanded cases to the district court where there is at least one significant legal issue, not squarely addressed by the district court, that remains unresolved." Id. at 112 (internal citation, brackets, and quotation marks omitted). In In re San Juan DuPont Plaza Hotel Fire Litig., 45 F.3d 564 (1st Cir. 1995), we stated that when "there [] remain[s] unresolved a significant legal issue, not squarely addressed by the district court, [] we are persuaded that a remand is the most appropriate solution." Id. at 568. Here, the magistrate judge did not address Padró's continuing violation theory of national origin discrimination, his retaliation claim, or his hostile work environment claim as set forth in his timely 2001 EEO claim. The court should have done that. We remand for that purpose.

---

separate complaint. [I] also considered the Civil Action before the Court and the administrative complaint separate and distinct cases, although . . . the resolution of the administrative complaint [the 2001 EEO complaint] would have also resolved the captioned civil action [the 1999 complaint], in as much as both cases entail charges of continuing discrimination." He also asked that "if the Court disallows the motion, [I] respectfully request[] that the attached amendment be accepted as a new civil action."

**III.**

In summary, we <u>affirm</u> the magistrate judge's entry of summary judgment on Padró's 1999 EEO claim. We <u>vacate</u> the entry of summary judgment on his 2001 claim, and <u>remand</u> for consideration of that claim by the district court. Costs are awarded to appellant.