# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2007

Charles R. Fulbruge III
Clerk

No. 07-10273
Summary Calendar

TRESLYN C. PATTERSON,

Plaintiff-Appellant,

v.

MARGARET SPELLINGS, Secretary, Department of Education,

Defendant-Appellee.

Appeal from the United States United States District Court
for the Northern District of Texas
3:06-CV-1600

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Treslyn C. Patterson ("Patterson") appeals the district court's grant of the Department of Education's ("DOE") motion to dismiss. The district court found that it lacked jurisdiction over Patterson's complaint because the United States Court of Claims has exclusive jurisdiction over Patterson's claim for breach of contract. We agree, and for the reasons stated below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patterson is an employee of the DOE. In April, 2002, Patterson filed a an administrative complaint against the DOE alleging that she had suffered discrimination in the workplace. Before an administrative hearing on the matter, the parties entered into a settlement agreement to resolve the complaint. The agreement provided for money damages and that "[a]ll standard operating procedures will apply to when and how [Patterson] will be eligible and considered for advancement to her next career ladder promotion to grade 12."

Patterson became eligible for promotion on January 26, 2004. As of January 2005, she had not been promoted,[1] and as a result, filed two separate administrative complaints. On January 24, 2005, Patterson filed an administrative complaint ("Complaint I") alleging that she was denied the promotion to grade 12 as reprisal for her former complaints about discrimination. On February 3, 2005, Patterson filed a second administrative complaint ("Complaint II"), alleging that DOE's failure to promote her constituted a breach of the parties' 2002 settlement agreement.

On August 31, 2006, after exhausting her administrative remedies relating to Complaint II,[2] Patterson filed suit in the Northern District of Texas ("Federal Complaint"). Patterson's Federal Complaint asserted jurisdiction under the Rehabilitation Act, 29 U.S.C. § 791; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and 29 C.F.R. § 1614.407(a). The Federal Complaint alleged that the DOE had breached the parties' settlement agreement because it failed to promote her in accordance with standard operating procedures. Patterson requested the court award her: (1) money damages for "failure to be

---

[1] Subsequently, on March 6, 2005, Patterson was promoted to grade 12.

[2] Patterson's brief recounts the lengthy administrative proceedings. She states that the DOE's EEO office found in her favor as to Complaint II and awarded money damages, but reversed the decision after she refused to settle for less than the damages awarded by the decision. She then appealed the reversal. The EEOC dismissed her appeal and denied a motion for reconsideration.

promoted pursuant to the terms of the Settlement Agreement;" (2) immediate promotion to GS-13; (3) relocation of Patterson to another office in the DOE; and (4) exemplary damages and attorney's fees.

On November 15, 2006, the DOE's EEO office dismissed Complaint I, relating to Patterson's allegations of retaliation. The dismissal was based on 29 C.F.R. § 1614.107(a)(3), which requires the agency to dismiss an administrative complaint if it is the basis of a pending civil action in federal district court. Patterson did not appeal this decision to the EEOC, nor did she amend her complaint pending in the Northern District of Texas.

On November 6, 2006, the DOE filed a motion in the district court to dismiss Patterson's Federal Complaint for lack of subject matter jurisdiction. Patterson's opposition, filed after the November 15, 2006 dismissal of Complaint I, argued that the district court had jurisdiction over the Federal Complaint because: (1) Patterson's suit asserted a Title VII retaliation claim, as well as the breach of contract claim; and (2) Patterson had requested both monetary damages and equitable relief for the breach of contract claim. The district court dismissed the case, noting that under the Tucker Act and Little Tucker Act, the United States Court of Claims has exclusive jurisdiction over breach of contract claims against the federal government when a plaintiff seeks monetary damages in excess of $10,000. Patterson filed a timely appeal of the dismissal.[3]

The Tucker Act provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

---

[3] After filing her notice of appeal, Patterson filed a motion for reconsideration and to transfer the case to the Court of Claims. The district court denied this motion in an order dated March 15th, 2007. Patterson did not appeal this order, so it is unclear whether the district court's decision not to transfer the case is properly before the court. In any event, as explained below, the district court's decision not to transfer the case was proper.

28 U.S.C. § 1491(a)(1); see also Greenhill v. Spellings, 482 F.3d 569, 572 (D.C. Cir. 2007). The Little Tucker Act gives district courts jurisdiction over certain claims against the federal government, but when a plaintiff seeks more than $10,000 in damages the Court of Federal Claims has exclusive jurisdiction. See 28 U.S.C. § 1346(a); Sharp v. Weinberger, 798 F.2d 1521, 1523 (D.C. Cir. 1986).

Patterson appears to concede that her damages claim for breach of the settlement agreement is a breach of contract claim against the United States seeking damages greater than $10,000, and as such should have been brought in the Court of Claims under the Tucker Act. See Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005) (holding that a claim for breach of a Title VII settlement agreement is a contract claim within the meaning of the Tucker Act and, therefore, for claims exceeding $ 10,000 jurisdiction belongs with the Court of Federal Claims); Guidry v. Halliburton Geophysical Servs., 976 F.2d 938, 940 (5th Cir. 1992) (stating that "[a] settlement agreement is a contract").

However, Patterson advances the following theory in an attempt to avoid this jurisdictional limitation. Patterson argues that the district court erred in failing to recognize a Title VII retaliation claim in her Federal Complaint. The district court would have had jurisdiction over a retaliation claim, and therefore, according to Patterson, could have exercised supplemental jurisdiction over the breach of contract claim.[4] In support of her argument that her Federal Complaint includes a retaliation claim, Patterson cites to the EEO's dismissal

---

[4] As discussed below, we reject Patterson's contention that she has adequately pled a Title VII retaliation claim. As such, we have no occasion to consider Patterson's argument that a district court properly having jurisdiction over a Title VII claim could exercise ancillary jurisdiction over a breach of settlement claim. See Greenhill, 482 F.3d at 573 (noting that it is open question under what circumstances a district court might exercise supplemental jurisdiction over a contract claim that otherwise falls within the exclusive jurisdiction of the Court of Federal Claims); Rochon v. Gonzales, 438 F.3d 1211, 1215 (D.C. Cir. 2006)(suggesting that district court may have ancillary jurisdiction over contract claim if district court has jurisdiction over plaintiff's Title VII claim).

of Complaint I, which set forth a retaliation claim, on the basis that Complaint I was the basis of a pending civil action in federal court.[5]

Federal procedure requires only notice pleading — "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); see also EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank NA, 467 F.3d 466, 470 (5th Cir. 2006). However, even under this lenient standard, Patterson's Federal Complaint fails to set forth a Title VII retaliation claim.

At no point does Patterson's Federal Complaint explicitly set out that she is asserting a Title VII Retaliation claim, nor does it set out the elements of such a claim. Instead, the Federal Complaint sets out a single cause of action– "breach of settlement agreement." The only mention of retaliation or reprisal is the following sentence: "Indeed, the Department breached the Settlement Agreement in retaliation for the settlement which Patterson had obtained." However, this sentence relates only to the breach of contract claim– not to Patterson's claim that she was denied the promotion in retaliation for past complaints about discrimination. Further, Patterson was still pursuing administrative remedies relating to the retaliation claim set forth in Complaint I at the time she filed her Federal Complaint, thus making it unlikely that Patterson would have included the retaliation claim in the complaint.

Nonetheless, Patterson argues that the fact of her lack of promotion, when coupled with her past complaints about discrimination, supports an inference of retaliation. However, these facts were set out in the context of bolstering her claim for breach of the settlement agreement. Although the facts alleged by

---

[5] In her opposition to the motion to dismiss in the district court, Patterson also argued that jurisdiction would not be proper in the Court of Claims because she was seeking monetary relief and equitable relief. However, Patterson did not brief this issue on appeal, and as such, has abandoned this argument. See FED. R. APP. P. 28(a)(9)(A); United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992) ("Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned.").

Patterson may be consistent with retaliatory behavior, the district court here could not reasonably be expected to discern a separate, independent retaliation claim. See Greenhill v. Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007) (addressing Title VII breach of contract claim under the Tucker Act and finding that district court is not required "to go on a fishing expedition for new claims").

Patterson also argues that the EEO's dismissal of her retaliation complaint, Complaint I, under 29 C.F.R. § 1614.107(a)(3) supports her argument that the Federal Complaint included a retaliation claim. Section 1614.107(a)(3) provides that "the agency shall dismiss an entire complaint... [t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint." 29 C.F.R. § 1614.107 (a)(3). It is true that the EEO dismissed her claim under this section. Patterson appears to argue that this decision included an explicit finding by the EEO that she had adequately pled a retaliation claim, and further, that this court should defer to that finding. Patterson misconstrues both the EEO's decision, as well as the pertinent regulation. The EEO's decision merely recognized that her retaliation claim, and the facts supporting such a claim, were the "basis of" a pending action in district court.[6] It did not make any explicit findings that she had adequately

---

[6] We express no opinion as to the propriety of the EEO's dismissal of Complaint I under C.F.R. § 1614.107(a)(3). Arguably, the regulation could require dismissal of a second EEO complaint only where the precise claim (i.e., retaliation) is before the district court. See Mays v. Principi, No. 01 C 1418, 2001 U.S. Dist. LEXIS 12736, at *9 (N.D. Ill. August 17, 2001) (agency dismissed claims under 29 C.F.R. § 1614.107(a)(3) because "the cause of action contained in the complainant's civil action encompass all the claims accepted for investigation in this complaint"). Under that standard, the EEO's dismissal in this case would have been in error, as Patterson's Federal Complaint did not, on its face, plead a retaliation claim. However, an alternative reading of the regulation could require dismissal whenever the second EEO complaint arises out of the same facts that are already before the district court. See More v. Snow, 480 F. Supp 2d 257, 266 (D.D.C. 2007) (agency dismissed complaint "due to pendency of litigation concerning the same subject"). Under that reading, the EEO's dismissal was proper, as Patterson's two claims do arise out of a common nucleus of fact. We need not decide which reading is correct though, because by failing to appeal the EEO's dismissal of Complaint

6

pled a retaliation claim in that pending action. After receiving the EEO's dismissal of Complaint I, Patterson could have taken a number of actions to ensure adjudication of her retaliation claim. See, e.g., Padro v. Chao, 452 F.3d 31, (1st Cir. 2006) (noting that after dismissal of plaintiff's second EEO claim under C.F.R. § 1614.107(a)(3), plaintiff could either file the second EEO claim as a separate civil action or amend his complaint to add the second EEO claim). First, Patterson could have amended her Federal Complaint to state a cause of action for retaliation under Title VII. In the alternative, Patterson could have appealed the EEO's dismissal of Complaint I to the EEOC, and argued that her retaliation claim <u>was not</u> the basis of a pending federal civil action. Third, as the EEO's dismissal advised her, she could have filed a new action in federal court alleging her retaliation claim. Patterson took none of these actions, and the EEO's dismissal of Complaint I cannot create a cause of action where none has been pled.

Therefore, we find that Patterson's Federal Complaint states a single cause of action for breach of the settlement agreement. Because the Federal Complaint seeks damages in excess of $10,000, the Court of Claims has exclusive jurisdiction over Patterson's Federal Complaint, and the district court's dismissal was proper.

Patterson argues that this court should order that the matter be transferred to the Court of Claims, rather than affirming the district court's dismissal with prejudice. Where a district court finds it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court in which the action could have been brought. 28 U.S.C. § 1631. A transfer may be in the "interest of justice" where the transferor court determines that it lacks jurisdiction, but dismissal of the action might cause the plaintiff's action to be

---

I, Patterson did not preserve this point of error.

barred by the statute of limitations when refiled in the proper forum.  See, e.g., Scherbatskoy v. Halliburton Co., 125 F.3d 288, 291-92 (5th Cir. 1997) (finding that a balancing of the equities weighs in favor of transfer because a new appeal would be barred as untimely).  The district court denied Patterson's motion to transfer without any examination of whether such a transfer would be in the interest of justice.  However, Patterson fails to provide any arguments that the district court's denial was in error.  Further, given the six year statute of limitations, Patterson would not face a statute of limitations problem refiling in the proper forum.  We therefore find that the district court's denial of the motion to transfer was not in error.

For the foregoing reasons, we AFFIRM the district court's dismissal for lack of jurisdiction and AFFIRM the district court's denial of the motion to transfer.