# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50909

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2015

Lyle W. Cayce
Clerk

PAULETTE M. CHARLES,

Plaintiff–Appellant,

v.

 JOHN M. MCHUGH, Secretary of the United States Army,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-807

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

Paulette M. Charles entered into a settlement agreement with the United States Army after she brought claims of employment discrimination.[1] Charles subsequently brought suit in the federal district court to rescind the Agreement because, among other reasons, she alleged that the Army coerced

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

[1] Charles's complaint names John M. McHugh as the defendant. McHugh is being sued in his official capacity as the Secretary of the Army for the United States Department of the Army. *See Ynclan v. Dep't. of Air Force*, 943 F.2d 1388, 1390–91 (5th Cir. 1991) (stating that in Title VII claims against government employers, the action must be taken against the "head" of the department).

No. 14-50909

her into signing the Agreement. The district court concluded that it lacked subject matter jurisdiction because Congress has not waived sovereign immunity, and it dismissed the case. Because the district court correctly concluded that it lacked jurisdiction, the judgment of the district court is AFFIRMED.

## I.

Charles is an Information Technology Specialist for the Department of the Army at the United States Army Medical Information Technology Center in San Antonio, Texas. She alleges that she suffered employment discrimination on the basis of her race and sex, in violation of Title VII. Charles filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), after which the parties met with a mediator and entered into the Agreement, resolving all of Charles's discrimination claims. At the mediation, Charles was represented by counsel and both she and her counsel signed the Agreement. Pursuant to the Agreement, Charles agreed to cease pursuing all of her employment discrimination claims against the Army. In exchange, the Army agreed to pay Charles's attorney's fees and grant her certain other monetary benefits and non-monetary benefits, including additional pay and paid leave.

Shortly thereafter, Charles filed an appeal with the EEOC seeking to rescind the Agreement. Charles alleged that at the time she signed the Agreement she was under the influence of prescription medicine and unable to make an informed and voluntary decision, and that she was coerced into signing the Agreement by implied threats that she would lose her job if she did not sign it. The EEOC denied her request to rescind the Agreement. Charles filed a request for reconsideration, which the EEOC also denied. Both EEOC decisions included language informing Charles that she had "the right to file a

No. 14-50909

civil action in an appropriate United States District Court within ninety (90) calendar days from the date that [she] receive[d] th[e] decision."

Charles then timely filed this case in the United States District Court for the Western District of Texas, invoking the jurisdiction of the district court under Title VII. The Army moved to dismiss the case on the merits under Federal Rule of Civil Procedure 12(b)(6). Charles then filed an amended complaint and the Army again moved to dismiss under Rule 12(b)(6), or alternatively, for summary judgment under Rule 56(a). While those motions were pending, the Army moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. The district court granted the motion to dismiss for lack of jurisdiction and Charles filed this appeal.

## II.

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*, using the same standard applied by the district court. *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 746 (5th Cir. 2008). We will uphold a dismissal for lack of jurisdiction where "it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

## III.

Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). "Federal courts have jurisdiction to hear suits against the government only with 'a clear statement from the United States

No. 14-50909

waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Young v. United States*, 727 F.3d 444, 447 (5th Cir. 2013) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "The terms of consent to be sued may not be inferred, but must be unequivocally expressed." *White Mountain Apache Tribe*, 537 U.S. at 472 (internal quotation marks omitted).

Charles contends that Congress's waiver of sovereign immunity in Title VII cases pursuant to 42 U.S.C. § 2000e-16(c) creates jurisdiction in this case.[2] Section 2000e-16(c) waives sovereign immunity in civil actions challenging a decision of the EEOC "on a complaint of discrimination based on race, color, religion, sex or national origin." § 2000e-16(c). When evaluating a waiver of sovereign immunity, "[we] must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

In this case, Charles's complaint in the district court does not allege that she was discriminated against on one of the bases articulated in § 2000e-16(c). She argues that she should be able to rescind the Agreement both because she was mentally incapable of voluntary agreement and because she was coerced by the Army, but she does not allege that she was coerced because of her race, color, religion, sex, or national origin. Instead, Charles argues that because rescinding the Agreement is a prerequisite to her further pursuit of her discrimination claims, we should view her rescission claims as Title VII claims themselves.

---

[2] Charles argues exclusively that the district court has jurisdiction over her claims pursuant to Title VII, and does not contend that the district court has subject matter jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), as a contract claim against the government seeking less than $10,000.

No. 14-50909

Charles's claims are not Title VII claims. Properly construed, they are contract claims. "'A settlement agreement is a contract.'" *Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 912 (5th Cir. 2013) (quoting *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992)); s*ee also Sellers v. Wollman*, 510 F.2d 119, 122 (5th Cir. 1975) (considering a contract rescission claim "under traditional contract analysis"). Because Charles does not actually bring employment discrimination claims in *this* case, it falls outside of the plain terms of § 2000e-16(c). We may not interpret Title VII's waiver of sovereign immunity so broadly as to capture Charles's rescission claims simply because the underlying Agreement resolved Title VII claims.

We addressed a similar issue in *Patterson v. Spellings*, 249 F. App'x 993 (5th Cir. 2007) (unpublished). In *Patterson,* a federal employee brought a civil action in the federal district court alleging that the Department of Education breached the terms of a settlement agreement reached between the parties to resolve the employee's Title VII claims. *Id.* at 995. We held that because her claim was a contract claim for breach of the settlement agreement, not a Title VII claim, the district court lacked jurisdiction. *Id.* at 996 ("[The employee's] damages claim for breach of the settlement agreement is a breach of contract claim against the United States . . . .").

Charles attempts to distinguish *Patterson* because she does not seek monetary damages, so the Court of Federal Claims is not open to her as an alternative venue. *See id.* (stating that Patterson's claim "should have been brought in the Court of Claims under the Tucker Act"). Charles argues that because the plaintiff in *Patterson* could pursue her claims elsewhere, whereas Charles cannot, we should hold that there is jurisdiction in the district court because otherwise Charles will be unable to pursue her claims. Charles is mistaken. Whether Charles is able to pursue her claims elsewhere is irrelevant. Subject matter jurisdiction either exists or does not exist; we may

not create it where there is no basis for doing so simply because another forum does not exist.[3]

Other circuits have similarly concluded that the government's waiver of sovereign immunity for Title VII claims does not extend to contract claims regarding settlement agreements. *See, e.g.*, *Geithner*, 703 F.3d at 335 (holding that Title VII's sovereign immunity waiver does not extend to breach-of-settlement-agreement claims); *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) (holding that the government's waiver of sovereign immunity did not extend to monetary claims against the government for breach of a settlement agreement that resolved a Title VII claim); *Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007) ("Congress did not consent to being sued by federal employees to enforce settlement agreements reached as a result of Title VII discrimination claims, and thus a district court does not have subject matter jurisdiction over the suit.").

Charles argues that her claims are distinguishable from breach-of-settlement-agreement cases because she seeks rescission, not monetary damages or specific performance. Though she seeks different relief, she nevertheless asserts contract claims—not Title VII claims—and therefore the outcome is the same. The Eleventh Circuit addressed this issue in *Thompson v. McHugh*, 388 F. App'x 870 (11th Cir. 2010) (unpublished). In *Thompson*,

---

[3] Charles also argues that subject matter jurisdiction exists here because it would further Congress's goal of eradicating workplace discrimination and effectuating the remedial purpose of Title VII. Whatever Congress's intent regarding Title VII litigation, it does not mitigate the longstanding principle of narrowly construing waivers of sovereign immunity. At least one other circuit has considered and rejected a similar argument regarding congressional intent. *See, e.g.*, *Taylor v. Geithner*, 703 F.3d 328, 334 (6th Cir. 2013) ("Although [the employee] raises understandable concerns with . . . an interpretation [that does not encourage voluntary compliance as the primary method of resolving Title VII claims], we find [the government's] arguments to be more persuasive given the specificity with which Congress must waive sovereign immunity and the lack of such an express waiver in the plain language of the statute and regulation.").

after reaching a settlement agreement with the Army resolving her Title VII claims, Thompson sought to rescind the agreement on the grounds that she was coerced and under duress when she signed it. *Id.* at 871–72. The Eleventh Circuit held that "[h]er claim is for contract rescission, a claim that is founded on general principles of contract law," and the fact "[t]hat the contract in question resolved Title VII complaints is incidental to Thompson's rescission claim." *Id.* at 872. The court concluded that 42 U.S.C. § 2000e-16(c) "applies only to civil suits initiated after . . . an EEOC determination on a complaint of discrimination" and Thompson's "claim [was] for contract rescission, not unlawful employment discrimination." *Id.* at 873 (internal quotation marks omitted). Therefore, "[b]ecause Thompson's contract rescission claim [was] not a claim falling with[in] the scope of Title VII's waiver of sovereign immunity, Title VII does not provide a basis for exercising jurisdiction." *Id.*

We agree with the Eleventh Circuit's reasoning. Charles's claim is based on two arguments: (1) her alleged incompetence to voluntarily sign the Agreement and (2) the alleged coercion. These are both arguments seeking rescission based entirely upon contract law principles. That the contract was a settlement agreement for Title VII claims is tangential. Charles does not allege that she was discriminated against during settlement negotiations on any of the prohibited grounds, nor that the alleged coercion was because of her "race, color, religion, sex or national origin." § 2000e-16(c). Therefore, she does not assert a claim for which Congress has waived sovereign immunity.

Charles next argues that the district court has jurisdiction because the EEOC decisions refusing to rescind the Agreement and refusing reconsideration both state that Charles may bring a civil action in the district court. According to Charles, this is the EEOC's interpretation of Title VII and we should defer to this view under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Charles is incorrect. As the district

court explained, this language is boilerplate language attached to every EEOC decision and Charles cites no case holding that the EEOC has interpreted § 2000e-16(c) to waive sovereign immunity for claims based upon settlement agreements. The only relevant EEOC regulation that contemplates civil action in the district court is 29 C.F.R. § 1614.407, but this section does not independently authorize any civil action in federal court—it only sets deadlines for those civil actions already permitted by statute. *See Thompson*, 388 F. App'x at 873 ("Section 1614.407 does not purport to authorize civil actions other than those already authorized by the various statutes.").

Moreover, the EEOC does not have the authority to waive sovereign immunity through its regulations. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . ." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "The right to sue the United States . . . can be acquired only by the specific consent of Congress . . . ." *United States v. Transocean Air Lines, Inc.*, 386 F.2d 79, 81 (5th Cir. 1967) (holding that neither state law nor contractual relationships with third parties can grant the right to sue the United States); *see also Heller v. United States*, 776 F.2d 92, 98 n.7 (3d Cir. 1985) ("[G]overnment regulations alone, without the express intent of Congress, cannot waive sovereign immunity."). Because Congress has not explicitly and unambiguously waived sovereign immunity for claims based on settlement agreements, the EEOC may not do so.

## IV.

Because Charles's claims are contract claims, not Title VII claims, and because Congress has not explicitly waived sovereign immunity for such claims, we hold that the district court correctly determined that it did not have subject matter jurisdiction over this case. AFFIRMED.