# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40488
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
October 3, 2017

Lyle W. Cayce
Clerk

WOODROW J. JONES, SR.,

      Plaintiff - Appellant

v.

TEXAS JUVENILE JUSTICE DEPARTMENT, Interim Executive Director
(David Reilly),

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:14-CV-60

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Woodrow J. Jones, Sr. sued his employer, the Texas Juvenile Justice Department ("Department"), and its interim executive director for employment discrimination and retaliation seeking recovery pursuant to 42 U.S.C. §§ 1981 and 1983. The district court held that Jones's claims were barred under the statute of limitations.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40488

In a Section 1983 action, federal courts apply the general personal injury statute of limitations from the forum state. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). In Texas, which is where the events leading to this case occurred, the general personal injury statute of limitations is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2017). The cause of action for a Section 1983 claim begins to accrue "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Price*, 431 F.3d at 893 (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). A claim under Section 1983 is the exclusive remedy for a Section 1981 violation by a state actor. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

Jones's alleged injury accrued when the Department terminated him on December 22, 2011. Jones did not file this lawsuit until May 2, 2014, more than two years after the injury. The statute of limitations had expired, and his Section 1983 claim is barred. The Section 1981 claim also fails because, as a claim against a state actor, it is governed by Section 1983 and by the same two-year limitation period.

AFFIRMED.