# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 21-10914

Woodrow J. Jones, Sr.,

*Plaintiff—Appellant*,

*versus*

Equal Employment Opportunity Commission, In Their
Official Capacity; Belinda McCallister, District
Director Official Capacity; Elizabath Roaslez,
Official Capacity; Robert Canino, Official Capacity;
Tammy Johnson, Official Capacity; Janet Elizondo,
Official Capacity; Travis Hicks, Official Capacity;
Lowell Keig, Director, Official Capacity,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1953

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10914

Woodrow J. Jones, Sr. previously sued his employer, the Texas Juvenile Justice Department, and its interim executive director for employment discrimination and retaliation seeking recovery pursuant to 42 U.S.C. §§ 1981 and 1983. The district court held that Jones's claims were barred by the statute of limitations, and this Court affirmed. *Jones v. Tex. Juv. Just. Dep't*, No. 9:14-CV-60, 2017 WL 5634637, at *10 (E.D. Tex. Apr. 17, 2017), *aff'd*, *Jones v. Tex. Juv. Just. Dep't*, 698 F. App'x 215 (5th Cir. 2017), *cert denied*, 138 S. Ct. 1566 (2018).

Several years later, Jones, appearing *pro se*, filed the current action against the Equal Employment Opportunity Commission ("EEOC") and employees of the EEOC's Dallas field office in their official capacities alleging that by failing to timely investigate his prior claims, the EEOC and its employees violated his constitutionally-protected right to equal protection under the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The United States Magistrate Judge issued findings, conclusions, and a recommendation as to Jones's suit. He recommended that the district court dismiss Jones's action for lack for subject matter jurisdiction because the EEOC and its employees sued in their official capacities are immune from suit. Jones timely objected. The district court accepted the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and dismissed the action for lack of subject matter jurisdiction. Jones now appeals that dismissal, arguing that the district court erred in dismissing his suit. We disagree and affirm.

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*, using the same standard applied by the district court. *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 746 (5th Cir. 2008). We will uphold a dismissal for lack of jurisdiction where "it appears certain that the plaintiff cannot prove any set of facts in support of

his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

"Federal courts are courts of limited jurisdiction," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted), and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived." *Charles v. McHugh*, 613 F. App'x 330, 332 (5th Cir. 2015) (unpublished) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

We first address Jones's Title VII claims. To the extent that Jones attempts to invoke Title VII as a jurisdictional basis for suing the EEOC or its employees in their official capacities, he cannot do so. This Court has previously held that "Title VII does not confer on a charging party a right of action against the EEOC." *Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002) (citing *Gibson v. Mo. Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978)); *see also Ward v. EEOC*, 719 F.2d 311, 312 (9th Cir. 1983) (concluding that "Congress neither expressly nor impliedly provided for an action against the EEOC for negligence"); *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997) ("Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge."). Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC. *See* 42 U.S.C. § 2000e–16(c). Jones,

No. 21-10914

however, had no direct employment relationship with the EEOC.  Rather, Jones asserted that the EEOC and its employees failed to properly investigate his prior claim of workplace discrimination and retaliation.  Therefore, it was proper for the district court to dismiss Jones's Title VII claims for lack of subject matter jurisdiction.

Jones also alleged that the EEOC and several of its employees in their official capacities deprived him of his right to equal protection under the Fourteenth Amendment.  However, the Fourteenth Amendment applies only to state actors, not federal actors.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).  Jones therefore cannot bring a Fourteenth Amendment claim against the EEOC or EEOC officials in their official capacities.  Accordingly, Jones's Equal Protection claim was properly dismissed.[1]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] Although Jones's Equal Protection claim was not discussed in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, we "may affirm a judgment upon any basis supported by the record."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).